UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW MILLENNIUM SOFTWARE INTERNATIONAL, L.L.C., <br><br>Plaintiff,<br><br>v.<br><br>PHANTOM AUTO INC.,<br><br>Defendant. | Case No.  23-cv-03278-VC <br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

The motion to dismiss is granted because the claims in U.S. Patent No. 8,831,780 are drawn to ineligible subject matter. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

1. The patent is directed to the abstract idea of interactive telepresence—the ability to be in one place but experience the world as if you were in another. It claims a system comprising the following features: A robot acquires and transmits real-time video. A user receives the live footage and remotely controls the robot by sending it commands. And networked servers connect the two. The claims describe the invention in generic terms and offer little explanation of how any component in the system performs its intended functions. *See Hawk Technology Systems, LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1357 (Fed. Cir. 2023). The specification likewise describes the invention at a high level of abstraction. *See ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 767–68 (Fed. Cir. 2019). It frames the relevant limitation in the prior art as a failure to give users "any control of what and how the video data is being rendered to him." '780 patent at col. 1. And it summarizes the patent's key innovation as "enabling the user to control a

presence vantage point in real time." *Id.* at col. 2. All of this makes clear that the focus of the patent is the concept of interactive telepresence itself.

2. The patent adds nothing inventive to this underlying idea. It does not offer a sufficiently specific way of implementing the idea. *See Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1271–72 (Fed. Cir. 2016). Nor does it identify a technical difficulty that the invention overcomes. *See ChargePoint*, 920 F.3d at 768. Instead, it recites an "abstract-idea-based solution implemented with generic technical components in a conventional way." *Id.* at 775. It describes a chain of conventional computing components—a robot, a video camera, a personal mobile device, computer servers, and so on—that "behave exactly as expected according to their ordinary use." *In re TLI Communications LLC Patent Litigation*, 823 F.3d 607, 615 (Fed. Cir. 2016). Merely adding network control to the mix is not enough to impart patent eligibility. *ChargePoint*, 920 F.3d at 774–75.

3. New Millennium's contrary arguments all fail. New Millennium asserts that allowing users to remotely control a live video source offers a technological solution to a technological problem. But being able to remotely control a live video source is the abstract idea itself; it cannot also supply the inventive concept. *Id.* at 774. New Millennium also asserts that its patent offers a low-cost, commercially available virtual viewing experience by using "conventional personal devices as the ultimate delivery point." But simply applying the abstract idea of interactive telepresence to a specific technological environment is not inventive either. *Id.* at 768; *see also Alice Corp. v. CLS Bank International*, 573 U.S. 208, 222 (2014). Finally, New Millennium insists that the patent recites a specific arrangement of computing components. But nothing in the patent explains how the recited arrangement—a user and a camera-equipped robot communicating through networked servers—is anything other than a generic application of the abstract idea. *See Hawk Technology Systems*, 60 F.4th at 1357–58; *ChargePoint*, 920 F.3d at 772.

4. Dismissal is with prejudice. New Millennium has not asked for leave to amend, and no amendment to the complaint would cure the problems with the underlying patent. *See Sanderling*

*Management Ltd. v. Snap Inc.*, 65 F.4th 698, 706 (Fed. Cir. 2023).

**IT IS SO ORDERED.**

Dated: November 9, 2023

_____

VINCE CHHABRIA
United States District Judge